UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: ROBERT JOSEPH WOODS          :     Chapter 13
            Debtor          :     Case No. 15-12063REF

# MEMORANDUM OPINION

Before me for consideration is the amended motion for relief from the automatic stay filed by Debtor's wife, Anna Marie Woods ("Movant"). Movant alleges in her amended motion that she is seeking relief from the automatic stay to continue with the divorce proceeding presently pending between Movant and Debtor in the Lehigh County Court of Common Pleas (the "State Court"). Movant elaborates in her motion and brief that she seeks relief from the automatic stay to pursue the rights and remedies allegedly established in the Property Settlement Agreement executed by the parties in January 2015 and filed with the state court on January 28, 2015 (the "Agreement"). Because I am allowing this dispute to return to the state court, I am not obliged or burdened (at least at this time) to parse the language of the horribly written[1] Agreement, which I leave to the wisdom of

---

[1] At numerous times during the February 18, 2016, hearing, I commented on provisions in the Agreement that (1) were inconsistent with each other and (2) differed dramatically from what the parties' testified they thought (and were told by their domestic relations counsel) the Agreement was to say. I hasten to add that the authors of the Agreement were not the bankruptcy attorneys who gamely struggled to make sense of the Agreement before me both in the February 18 hearing and in their post-hearing briefs.

the state court judge saddled with interpreting uninterpretable provisions. So, for the reasons set forth below, I will grant Movant's Motion.[2]

The parties agree that Section 362(b)(2)(A)(ii) of the Bankruptcy Code, 11 U.S.C. 362(b)(2)(A)(ii), excepts from the automatic stay "the commencement or continuation of a civil action or proceeding for the establishment or modification of an order for domestic support obligations." Debtor correctly concedes, on page one of his brief, that "no stay is applicable to Movant's potential for pursuit of future domestic support obligations pursuant to Paragraph 33 of the PSA." Accordingly, to the extent that any of the rights and remedies that Movant seeks to establish or enforce in state court constitute a domestic support obligation ("DSO"), the automatic stay does not apply to actions Movant might bring in state court and relief from the stay is therefore not required.

---

[2]    Debtor requests in his brief that I find the debt allegedly owed by him to Movant is dischargeable. This request is not ripe and is not before me at this time.
        A debt in the nature of a domestic support obligation ("DSO") is nondischargeable in both Chapter 7 and Chapter 13 cases. 11 U.S.C. §§523(a)(5), 1328(a)(2). A complaint to determine the dischargeability of a DSO may be filed at any time, Fed. R. Bankr. P. 4007(b), and may be decided by either a bankruptcy court or a state court. Collier on Bankruptcy, 16th Ed. ¶512.03 at 523-17. Debtor's argument that Movant is time-barred from challenging the dischargeability of the alleged debt is therefore misplaced.
        A debt owed to a spouse, former spouse, or child, and not in the nature of a DSO, which was incurred in the course of a divorce or separation, or in connection with a separation agreement, is also nondischargeable in a Chapter 7 case or in a Chapter 13 hardship discharge case. 11 U.S.C. §§523(a)(15), 1328(c)(2). This type of debt is dischargeable in a Chapter 13 case in which a debtor receives a discharge under 11 U.S.C. §1328(a). If and to the extent the alleged debt in question qualifies as a debt of the kind described in Section 523(a)(15) and if Debtor receives a discharge under Section 1328(a), the debt at issue will be discharged.

If the rights and remedies Movant seeks to establish or enforce in state court do not qualify as DSOs, however, the automatic stay does apply and Movant must obtain relief from the stay to pursue them.

A DSO is defined in Section 101(14A) of the Bankruptcy Code, 11 U.S.C. §101(14A), as follows:

> … a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt  as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is -
>
> (A) owed to or recoverable by – (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provide by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C)  established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of –
>
> > (i) a separation agreement, divorce decree, or property settlement agreement . . ..

Movant has proven the requirements of Section 101(14A)(A)(i) and (C) in this case because the debt in question is allegedly owed by Debtor to Movant, who is (or was) his spouse, and was established, or is subject to establishment, by reason of the Agreement. More difficult to ascertain is whether the alleged debt in question meets the requirement of Section 101(14A), which

requires that the debt be in the nature of alimony, maintenance, or support. My determination of the nature of the debt, while requiring a review of many factors, must focus on the intent of the parties at the time the Agreement was executed. See Collier on Bankruptcy, 16th Ed., ¶523.11[5] at 523-85.

I need not resolve this issue at this time. The only matter before me is Movant's request for relief from the automatic stay. Even if the alleged debt in question is not in the nature of a DSO, and if the automatic stay is therefore in effect with respect to this alleged debt, I find that relief from the stay is appropriate under Section 362(d)(1), 11 U.S.C. §362(d)(1). The parties may return to state court to resolve their dispute.

I agree with the well-established principle that "[i]t is appropriate for bankruptcy courts to avoid invasions into family law matters 'out of consideration of court economy, judicial restraint, and deference to our state court brethren and their established expertise in such matters.'" In re Moses, 194 B.R. 777, 779-80 (Bankr. E.D. Pa. 1996) quoting White v. White (In re White), 851 F.2d 170, 173 (6th Cir. 1988). Furthermore, "it was never Congressional intent to authorize bankruptcy courts to function as a federal domestic relations court." In re Wilson, 85 B.R. 722, 727 (Bankr. E.D. Pa. 1988).

Resolving the question whether Debtor in fact owes Movant additional sums of money under the terms of the Agreement would require what Congress did not intend -- that I act as a federal domestic relations court and determine the meaning and intent of the Agreement and the intent of the parties at the time they executed it. The parties' divorce proceeding was commenced in the state court before Debtor filed his bankruptcy petition. And the state court routinely handles domestic relations disputes similar in nature to the parties' dispute. Finally, the Agreement was reached during the parties' state court divorce proceeding and was entered of record in that state court divorce proceeding.

For all of these reasons, observing the principles of judicial economy and restraint and asserting my deference to my state court brethren, I find that cause exists under Section 362(d)(1) to permit Movant to resume the parties' pending divorce proceeding (or, as the case may be) commence a new proceeding in the state court, to determine the parties' obligations under the Agreement.

An appropriate Order follows.

Date: March 29, 2016

_____
RICHARD E. FEHLING
United States Bankruptcy Judge