

Charles Laputka, Esq.
David C. Berger, Esq.

Stevie K. Draklan, Esq.
Albert Yacoub, Esq.*
*of counsel

November 3, 2016

**VIA ELECTRONIC FILING**

The Honorable Judge Richard Fehling

    Re:   In re Robert Joseph Woods Jr.
           Case No. 15-12063

Dear Judge Fehling:

At issue in this matter is whether the Movant should be granted a Relief from Stay to enforce a Common Pleas Court Order dated July 1, 2016 against the Debtor.

In 2012, Debtor and Movant filed for divorce and on January 15, 2015, the parties entered into a poorly worded Property Settlement Agreement("PSA") which settled the entirety of the parties respective equity claims between each other. After a hearing on Movant's prior petition for Relief from Stay, your Honor referred the matter of determining which items in the PSA were Domestic Support Obligations("DSO") and which were equitable distribution payments to the Common Pleas Court.

Lehigh County Court of Common Pleas Judge Varricchio evaluated the PSA and, without regard to the instant bankruptcy, issued an Order dated July 1, 2016, which clearly identifies four (4) obligations of the Debtor under the PSA. These payments along with their due dates and classifications are listed in the last section of the Order at the bottom of page two (2).

The first item is a $20,000.00 payment which the Order identifies as equitable distribution with a rescheduled due date of July 15, 2016. This payment, pursuant to the PSA, was originally due pre-petition on February 15, 2015. The Debtor listed this debt in the schedules in his current bankruptcy and the Movant at no time filed a Proof of Claim or the appropriate adversary proceeding pursuant to 11 U.S.C. 523 to object to the discharge of this debt or to have it classified as a DSO.

1344 West Hamilton Street • Allentown, PA 18102 • Phone 610-477-0155 • Fax 484-350-3581
25 East Broad Street • Hazleton, PA 18201 • Phone 570-606-0965 • Fax 484-350-3581
~Please send all correspondence to the Allentown office~

Laputka Law Office, LLC
November 3, 2016
Page 2

    The second item is a $4,500.00 payment which the Order identifies as attorney fees. With regard to this payment, these are legal fees incurred by the Movant in an untimely and inappropriate attempt to manipulate the Debtor and the court to disregard the fact that adequate remedies to resolve Movant's issues did exist but were ignored. In fact, to date no Proof of Claim or adversary action has even been untimely filed. Movant should be barred from recovery altogether as the underlying equitable distribution default occurred prior to the filing of the instant Chapter 13 petition, and, as such, it is a pre-petition debt, the collection of which was legally stayed by the Debtor's filing. Further, any costs or legal fees incurred in the untimely and inappropriate pursuit of a properly scheduled and dischargeable debt, the collectability of which is governed by the Debtor's plan, is not the responsibility of the Debtor.

    The third item is a $10,000.00 payment which the Order identifies as post-divorce alimony with a due date of January 15, 2018. With regard to this payment, it cannot be a proper subject of the Movant's Motion for Relief from Stay as it is well settled case law that 11 U.S.C 362 does not apply to domestic support obligations and a relief from stay is a legal impossibility. Further, this issue is not presently ripe for decision as the payment is not yet due.

    The fourth item is a $10,000.00 payment which the Order identifies as post-divorce alimony with a due date of January 15, 2019. With regard to this payment, it cannot be a proper subject of the Movant's Motion for Relief from Stay as it is well settled case law that 11 U.S.C 362 does not apply to domestic support obligations and a relief from stay is a legal impossibility. Further, this issue is not presently ripe for decision as the payment is not yet due.

    For all of the foregoing reasons it is Debtor's position that:

1. The $20,000 payment originally due and owing is an equitable distribution claim which was properly listed in the instant Chapter 13 and is dischargeable pursuant to applicable bankruptcy law. See *In re Miller,* **501 B.R. 266 (Bkrtcy.E.D.Pa.2013)**.

2. The $4,500.00 payment was incurred in an untimely and inappropriate pursuit of a dischargeable debt, the collectability of which is governed by the United States Bankruptcy Code and Debtor's Plan, is therefore not the responsibility of the Debtor.

3. No Automatic Stay currently applies to the two future scheduled post-divorce alimony payments and therefore the Relief from Stay should be denied entirely inasmuch as same is not yet ripe for

Laputka Law Office, LLC
November 3, 2016
Page 3

determination and it is well settled case law that 11 USC §362 does not apply to domestic support obligations.

In conclusion, the Movant is not presently entitled to an order granting Relief from Stay to enforce any part of the Order dated July 1, 2016.

Thank you for your courtesies Your Honor.

Respectfully,

*[signature]*

STEVIE K. DRAKLAN, ESQ.