UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| Robert Joseph Woods, Jr., | CHAPTER 13 |
| Debtor | CASE NO. 15-12063 |
| Ann Marie Woods, now known as Ann Marie Pedone, | Adversary No. 17-00141 |
| Plaintiff | |
| vs. | |
| Robert Joseph Woods, Jr., | |
| Defendant. | |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT TO DETERMINE DISCHARGEABILITY OF DOMESTIC SUPPORT/ALIMONY/EQUITABLE DISTRIBUTION PURSUANT TO 11 U.S.C. §523(5), (15) and 523 (a) and (B)(iii-iv)

AND NOW comes the Debtor/Defendant, Robert Joseph Woods, Jr., by and through his counsel, Charles Laputka, Esq., and files the following Answer, and avers as follows:

### JURISDICTION

1. Admitted.

2. Admitted.

### PARTIES

3. Admitted.

4. Admitted.

## BACKGROUND

5. Denied. Debtor filed his Chapter 13 petition on March 26, 2015. The Property Settlement Agreement between Debtor and Plaintiff was filed on January 28, 2015 and the divorce decree was entered on February 2, 2015.

6. Admitted in part and denied in part. Plaintiff obtained an Order from this Honorable Court dated March 29, 2016, granting Plaintiff's 362 Motion to allow the Lehigh County Court to determine the nature and characterization of payments described in the parties Property Settlement Agreement.

7. Admitted in part and denied in part. Plaintiff initiated an enforcement action and obtained a Court Order dated July 1, 2016, which legally characterizes the pre-petition debts pursuant to the State Court's interpretation of the Property Settlement Agreement without regard to the effect of the instant bankruptcy action in relation to the pre-petition portion of the Debtor's obligations. *See* Court Order attached as Exhibit "A".

8. Admitted.

9. Admitted.

10. Admitted in part and denied in part. It is admitted that Judge Varricchio declined to enter an order for contempt based upon the limited stay relief previously granted by this Honorable Court. The remainder of the Plaintiff's assertions in paragraph 10 are denied as the State Court order did not create a post-petition debt but rather directed a revised payment schedule of both pre and post-petition obligations.

11. Denied, this pre-petition property settlement obligation is properly dischargeable in the instant Chapter 13 proceeding. Since no "asset" existed to be transferred by the Debtor/Defendant the obligation was nothing more than an unsecured debt.

## FIRST CLAIM FOR RELIEF

12. No response required.

13. Denied. There are only two payments listed in the Court Order dated July 1, 2016, currently at issue, a $20,000.00 payment due on or before July 15, 2016 clearly characterized by the State Court as an unsecured debt arising out of the Property Settlement Agreement and a $4,500.00 payment for attorneys fees that were unnecessarily incurred by the Plaintiff in post-petition pursuit of said dischargeable debt. Neither can conceivably be characterized as a Domestic Support Obligation or in the nature of alimony, maintenance, or support as it has been unequivocally determined to be equitable distribution as distinguished by the State Court from post-divorce alimony in the July 1, 2016 order by Judge Varricchio. *See* Exhibit "A". The Doctrine of Res Judicata and Collateral Estoppel bar relief granted in Plaintiff's first claim.

## SECOND CLAIM FOR RELIEF

14. No response required.

15. Denied. 11 U.S.C. §1328 provides a "super discharge" of the pre-petition obligations owed to Plaintiff in this matter. The Doctrine of Res Judicata and Collateral Estoppel bar relief granted in Plaintiff's first claim.

## THIRD CLAIM FOR RELIEF

16. No response required.

17. Denied. The Debtor's bankruptcy was filed specifically to stay the levy and execution sale of substantially all of Debtor's tools of his trade which are used daily to earn 100% of his household income. Debtor did not enter into his Property Settlement Agreement with any fraudulent intent, nor was Debtor contemplating a bankruptcy filing in January of 2015.

WHEREFORE, Debtor/Defendant, Robert Joseph Woods, Jr., respectfully requests this Honorable Court find that any pre-petition debt owed by the Debtor to the Plaintiff is determined to not be a Domestic Support Obligation and is dischargeable pursuant to the U.S. Bankruptcy Code.

## AFFIRMATIVE DEFENSES

18. The Debtor/Defendant incorporates the above paragraphs 1 through 17 hereof as if fully set forth herein a length.

19. The Plaintiff's claim is barred by the doctrine of res judicata. The allegation that the pre-petition debt is a non-dischargeable Domestic Support Obligation has already been litigated and adjudicated by the State Court resulting in the July 1, 2016, Order by the Honorable Judge Varricchio.

20. The Plaintiff's claim is barred by the doctrine of collateral estoppel. The allegation that the pre-petition debt is a Domestic Support Obligation has already been litigated and adjudicated by the State Court resulting in the July 1, 2016, Order by the Honorable Judge Varricchio.

WHEREFORE, Debtor/Defendant, Robert Joseph Woods, Jr., respectfully requests this Honorable Court find that any pre-petition debt owed by the Debtor to the Plaintiff is determined to not be a Domestic Support Obligation and is dischargeable pursuant to the U.S. Bankruptcy Code.

Respectfully Submitted,

Date: 6/16/17

By: *[signature]*
Charles Laputka, Esquire
Attorney for Debtor
Atty. I.D. No: 91984
1344 W. Hamilton Street
Allentown PA 18102
(610) 477-0155

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| Robert Joseph Woods, Jr., | CHAPTER 13 |
| Debtor | CASE NO. 15-12063 |
| Ann Marie Woods, now known as Ann Marie Pedone, | Adversary No. 17-00141 |
| Plaintiff | |
| vs. | |
| Robert Joseph Woods, Jr., | |
| Defendant. | |

### CERTIFICATE OF SERVICE

    I, Charles Laputka, Esquire, do hereby certify that true and correct copies of the foregoing Defendant's Answer to Plaintiff's Complaint to Determine Dischargeablily of Domestic Support/Alimony/Equitable Distribution Pursuant to 11 U.S.C. §523(5), (15) and 523 (a) and (B)(iii-iv), was served by first-class, postage prepaid U. S. mail and/or via electronic delivery through the U.S. Bankruptcy Court's ECF system upon:

Everett Cook, Esquire
2309 MacArthur Road
Whitehall, PA 18052

Office of the U.S. Trustee
833 Chestnut Street
Philadelphia, PA 19107

Robert Joseph Woods
6384 Tollgate Road
Zionsville, PA 18092

Ann Marie Pedone
1114 Landis Road
East Greenville, PA 18041

Frederick L. Reigle, Esquire
Standing Chap. 13 Trustee
2901 St. Lawrence Avenue
PO Box 4010
Reading, PA 19606-0410

Date: 6/16/17

By: _____
Charles Laputka, Esquire

# EXHIBIT "A"

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY, PENNSYLVANIA
CIVIL DIVISION

| | |
|---|---|
| ANN MARIE WOODS n/k/a ANN MARIE PEDONE,<br>    Plaintiff<br><br>vs.<br><br>ROBERT J. WOODS, JR.,<br>    Defendant | No. 2012-FC-1182<br><br><br>CUSTODY<br><br>ASSIGNED TO:<br>The Honorable Michele A. Varricchio |

## ORDER

AND NOW, this __1st__ day of July, 2016, upon consideration of the *Plaintiff's Petition to Enforce Property Settlement Agreement* filed April 29, 2016, by Ann Marie Woods, now known as Ann Marie Pedone, Plaintiff (Wife), and there being no response filed thereto, and after argument held June 13, 2016 attended by the Plaintiff and Defendant, Robert J. Woods, Jr. (Husband), and their respective legal counsel, Everett Cook, Esquire, and Charles Laputka, Esquire;

THE COURT FINDS the following:

1. Husband has breached the Marital Settlement Agreement.[1] Husband defaulted in payment of $20,000.00 to Wife in that he failed to pay monies owing as of February 15, 2015 and January 15, 2016. Pursuant to Paragraph 30(b)ii of said the Agreement, <u>Financial Accounts and Assets</u>, the parties agreed that: Wife shall receive an initial payment of $2500.00 at the time of signing, followed by a payment of $10,000.00 within 30 calendar days, and one year from the date of signing a second $10,000.00 payment will be due.

2. As a consequence of his breach, Husband is financially responsible for the reasonable fees owed to her attorney and incurred in the enforcement of the Agreement. Pursuant to Paragraph 24 <u>Attorneys' Fees for Enforcement</u>, in the event that a party breaches any provision

---

[1] The parties were divorced on February 2, 2015. This Court retained jurisdiction for enforcement of all claims arising out of the written Marital Settlement Agreement (Agreement) between the parties filed January 28, 2015. The Marital Settlement Agreement was incorporated into, but not merged, with the divorce decree.

3

of the Agreement, and the other party retains counsel to assist in enforcing the terms thereof, the breaching party will pay all reasonable attorneys' fees, court costs and expenses which are incurred by the other party in enforcing the Agreement. Wife has incurred reasonable attorney fees in the amount of $4,500.00 related to Husband's breach of the Agreement.

3. Paragraph 33 <u>Child Support</u> specifically provides that Wife's marital post-divorce alimony claims shall be reinstated in the event that Husband filed for child support prior to the resolution of the custody matter. Husband filed for Child Support on March 2, 2015, prior to the resolution of the Child Custody matter which resolved in August 2015. Wife's marital post-divorce claims shall be reinstated.

IT IS HEREBY ORDERED that:

1. On or before July 15, 2016, Husband shall pay to Wife the sum of $20,000.00 as equitable distribution;

2. On or before July 15, 2016, Husband shall pay to Wife the sum of $4,500.00 in attorney fees;

3. On or before January 15, 2018, Husband shall pay to Wife the sum of $10,000.00 of post-divorce alimony; and

4. On or before January 15, 2019, Husband shall pay to Wife the sum of $10,000.00 of post-divorce alimony.

5. All other terms of the January 28, 2015, Property Settlement Agreement remain in full force and effect.

BY THE COURT:

*[signature]*

Michele A. Varricchio, J.

2